The Honorable Bob Fairchild State Representative 1428 Mission Blvd. Fayetteville, AR 72701
Dear Representative Fairchild:
You have requested several opinions under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyist and State Officials". I will restate your questions and render opinions on same in the order presented in your letter of November 10, 1988. Your first question is as follows:
 Would a public official or state employee be required to register if he or she expends or is reimbursed $250 for lobbying from his or her governmental body, or is the provision limited to expenditures or reimbursement received from a nongovernmental person?
Section 21-8-601(a)(2)(c) provides in part:
 "a lobbyist shall not be required to register if he or she engages in no lobbying other than the following activities: (c) action in a person's official capacity as a public official, as an employee of a governmental body or as an elected or appointed official of a county, school district, or municipal government; however, if the person receives income from a nongovernmental person in excess of $250 in a quarter for lobbying, or expends or is reimbursed in excess of $250 in a quarter for lobbying, excluding the cost of personal travel, lodging, meals, dues or informational material, that person shall be required to register as a lobbyist".
In my opinion a public official or state employee would not be required to register if the public official or state employee is compensated for lobbying by a governmental source.
You next pose a hypothetical scenario in which a public official makes $250 worth of telephone calls in a calendar quarter to members of the General Assembly, lobbying them to vote on a particular matter and you subsequently list three questions involving this hypothetical. I will render my opinions as to the three questions in the order listed.
(1) If the public official were to pay for the telephone calls out of his own pocket, it is my opinion that the public official would be required to register as a lobbyist. Section21-8-601 (a)(2)(C) clearly exempts a person from registration if he is acting in his official capacity as a public official, however, this section provides that "however, if the person receives income from a non-governmental person in excess of $250 in a quarter for lobbying, or expends or is reimbursed in excess of $250 in a quarter for lobbying, excluding the cost of personal travel, lodging, meals, dues, or informational material, that person shall be required to register as a lobbyist". In your first question relating to your hypothetical the public official was expending his own money rather than governmental money and accordingly is not exempt from registration pursuant to this subchapter.
(2) If a public official pays for the telephone calls from an expense account allowed him as a part of his office, it is my opinion that the public official would not be required to register as a lobbyist. In this situation the expense of the telephone calls is being paid from a governmental source rather than the personal funds of the public official or the funds of some nongovernmental entity and Section21-8-601(A)(2)(C) would dictate that no registration is required.
(3) If the telephone calls are paid from the general operating budget of the office or agency of the public official, no registration would be required because the source of the expenditure would be governmental in nature and not the personal funds of the public official or funds of some nongovernmental entity.
In part (b) of your question #2 you ask:
 If the answer to any of the questions in #2 (a) is "no", then can the same rationale be used by a private individual for expenses he or she incurs but that are paid by other individuals and thereby avoid registration?
In my opinion, the answer to this question is "no".
 Section 21-8-402(J) defines a lobbyist as a person who "receives income or reimbursement in a combined amount of $250 or more in a calendar quarter for lobbying; or expends $250 or more in a calendar quarter for lobbying excluding the cost for personal travel, lodging, meals, or dues; or expends $250 or more in a calendar quarter, including postage, for the express purpose for soliciting others to communicate with any public official to influence any legislative action or administrative action. . ."
Your questions 2(a)(2) and (3) were answered in the negative, and the distinction between those hypotheticals and that of a private individual, relate to the exemption for governmental officials expending governmental monies as previously cited to you. You will note in the definition of lobbyist that any person who is reimbursed in an amount of $250 or more in a quarter is considered a lobbyist.
Your question 3(a) is as follows:
 If a public official directs a number of his employees to engage in lobbying activities and to make expenditures of less than $250, but the total expenditures of all employees exceed $250, would the public official be required to register as a lobbyist.
In my opinion the public official who directed his employees to engage in lobbying would not have to register as a lobbyist, irrespective of the sum of money expended, because of the exemption enjoyed by governmental persons acting in their official capacity, Section 21-8-601(a)(2)(C). This assumes that public monies were being spent.
Your question 3(b) is as follows:
 If the answer to #3(a) is "no", then can private individuals do the same thing in avoiding registration?
If a private individual were to direct a number of his employees to engage in lobbying activities the private individual would be required to register as a lobbyist because this individual would be expending more than $250 in a quarter in an effort to solicit others to communicate with any public official or employee of any governmental body with the purpose of influencing action.
Your question 4(a) is as follows:
 As used in Arkansas Code 21-8-601
(A)(2)(C) does the word "personal" modify each word in the phrase "lodging, meals, dues, or informational material" or does it only modify the word "travel"?
It is my opinion that the word personal modifies each word in the phrase.
Your question 4(b) is as follows:
 What would be included as "personal informational material" and would the term include packets of information sent out as part of a massive mail out?
In my opinion the term informational material is intended to mean pamphlets, brochures, booklets, and other similar devices commonly used to disseminate information on a particular subject. It is my opinion that the term would include packets of information sent out as part of a massive mail-out. That section of the law which excludes informational material in calculating the $250 limit sets no restrictions or limitations on the amount of informational material used or disseminated by the public official.
Your question 4(c) is as follows:
 If the word "personal" does not modify all the words in the phrase "travel, lodging, meals, dues, or informational material" as used in Arkansas Code 21-8-601 (A)(2)(C) and the words "travel, lodging, meals, or dues" as used in Arkansas Code 21-8-402(I)(2), then could a person expend an unlimited amount of money for lodging and meals for legislators without the expenditures being counted against the $250 threshold for expenditures.
In my opinion the answer to your question is "no". I have previously opined in this opinion that the word "personal" does modify all the words in the phrase "travel, lodging, meals, dues, or informational material".
Your question 5(a) is as follows:
 If the Governor expends over $250 in lobbying the General Assembly and is required to register as a lobbyist, then will his lobbyist activity report apply only to his activities in lobbying the General Assembly or would it also include all other lobbying activities in state government, such as lobbying boards and commissions and state employees over which he does not have direct authority.
In my opinion, if the governor was required to register as a lobbyist pursuant to Initiated Act 1 of 1988, his activity report would apply to all lobbying activities and not just those activities limited to lobbying the General Assembly. The definition of lobbying is found in the Act at Section 21-8-402(I) which provides:
 "lobbying means communicating directly or soliciting others to communicate with any public official or employee of any governmental body with the purpose of influencing legislative action or administrative action".
If a governor was acting as a registered lobbyist, this definition would control, and obviously there is no limitation contained therein with regard to the objects of the governors lobbying. The Governor's lobbyist activity report would therefore apply to all expenditures required to be disclosed pursuant to Initiated Act 1 of 1988.
Your next question 5(b) is as follows:
 If the answer to this question is "no" then is there authority in the act to allow a person to become a lobbyist for the purpose of lobbying one part of state government.
Any person who conducts lobbying activities, as defined in Initiated Act 1 of 1988, must comply with the registration requirements, as well as the activity report requirements, whether their lobbying activities are limited to one part of state government or several parts of state government. A registered lobbyist who complies with the other requirements of the act may limit his activities in his or her own discretion.
Your next question 5(c) is as follows:
 If a person can become a registered lobbyist for only part of state government, then would there be a separate determination for each and every agency as to whether the person has expended $250 in lobbying that particular agency?
In my opinion, a lobbyist, who expends $250 or more in a calendar quarter for lobbying several different agencies of state government and expended less than that amount on each agency, would be required to identify the amounts spent on each agency for purposes of the lobbyist activity report. The cumulative expenditure, if in excess of $250 in a calendar quarter, would meet the legislative definition of the term lobbyist contained in the Initiated Act 1 of 1988, thereby triggering the necessity of registration and preparation of the lobbyist activity report.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Bill McLean.
Sincerely,
STEVE CLARK Attorney General
SC:gks